UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANNY REAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-1055 CAS |
| ) | |
| WAL-MART STORES EAST, L.P.,, ) | |
| d/b/a ARNOLD WALMART, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for remand. The motion is now briefed. The Court will deny the motion for the reasons set forth below.

**I.    BACKGROUND**

This is a personal injury action involving a slip-and-fall that occurred in the Wal-Mart store located in Arnold, Missouri. Plaintiff filed his original petition against Wal-Mart East, L.P., d/b/a Arnold Wal-Mart in the Circuit Court for St. Louis County, Missouri. Defendant filed a notice of removal based on diversity pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

In an attempt to show diversity, in its removal notice defendant alleged the following. Plaintiff is a resident in the state of Missouri. Defendant Wal-Mart Stores East, LP was, at the time of the commencement of said action and ever since has been and still is, a foreign limited partnership organized and existing under the laws of the State of Delaware, and maintains its principal place of business in the State of Arkansas, not having its chief and principal office and place of business in the State of Missouri, and is not a citizen or resident of the State of Missouri.

Plaintiff now moves to remand, arguing that because defendant is a limited partnership, it has failed to show there is diversity of citizenship between the parties. Plaintiff argues defendant does

not indicate the names or citizenship of its general and limited partners. As such, there is nothing in the removal notice to establish complete diversity as to the partners.

Wal-Mart opposes the motion. Wal-Mart seeks leave to amend its Notice of Removal to include the following averments.[1] Wal-Mart Stores East, L.P. is comprised of two partners, WSE Management, LLC, general partner, and WSE Investment, LLC, limited partner. WSE Management, LLC, at the time of the commencement of the action and ever since, has been and still is a foreign limited liability company and existing under the laws of the State of Delaware, with its chief and principal office and place of business in the State of Arkansas, and is not a citizen or resident of the State of Missouri. WSE Investment, LLC, at the time of the commencement of the action and ever since, has been and still is a foreign limited liability company and existing under the laws of the State of Delaware, with its chief and principal office and lace of business in the State of Arkansas, and is not a citizen or resident of the State of Missouri. The sole member of both WSE management, LLC and WME Investment, LLC is Wal-Mart Stores East, Inc. Wal-Mart Stores East in incorporated under the laws of the state of Delaware, and its principal place of business is the state of Arkansas.

Plaintiff replies, reiterating that on the face of Wal-Mart's notice it appears that the notice of removal is deficient because it fails to state the citizenship of its parties. As to Wal-Mart's amended notice of removal, plaintiff states Wal-Mart offers no evidentiary support for its allegations which are belied by public records.

## II. DISCUSSION

This Court must "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). While a defendant has

---

[1]Wal-Mart attached as an exhibit an Amended Notice of Removal.

a statutory right to remove in certain situations, the plaintiff is still the master of his own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing"; consequently, "uncertainties are resolved in favor of remand.")

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998).

In a case based upon this Court's diversity jurisdiction, the amount in controversy must exceed $75,000.00, exclusive of interest and costs, 28 U.S.C. § 1332(a). Further, rather than allegations of each party's place of residence, there must be allegations of each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), 1332(c)(1); see Sanders v. Clemco Industries, 823 F.2d 214, 215 n.1 (8th Cir. 1987). The citizenship of an (LLC) limited liability corporation for diversity purposes is that of its members. GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).

The Court concludes that in its amended notice of removal defendant has met its burden that all prerequisites to jurisdiction are satisfied. As to plaintiff's assertion that public records contradict defendant's assertions, the Court notes that plaintiff has not presented any evidence that defendant is a citizen of this state, thereby defeating diversity. Therefore, plaintiff's motion will be denied.

In light of the early stages of this litigation, the Court will grant defendant leave to file an amended notice of removal. The Court notes that plaintiff has not stated that it will be prejudiced in any way by the amendment. Roberts v. Panhandle Eastern Pipe Line Co., 737 F.Supp. 545, 548

(W.D. Mo. 1990) (in accordance with free amendment policy of Federal Rules, leave to amend notice of removal permitted where there is no unfair prejudice to plaintiff).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **DENIED**. (Doc. 7)

**IT IS FURTHER ORDERED** that defendant is granted leave to file an amended notice of removal.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of August, 2005.